IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN E. SQUILLER,

            Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

            Defendant.

ORDER

15-cv-485-wmc

---

       Plaintiff's counsel seeks an award of attorney's fees in the amount of $14,963.50 pursuant to 42 U.S.C. § 406(b). As Attorney Olinsky explains in his affidavit in support of the motion, Squiller was awarded $83,854.00 in past due benefits after a on stipulated remand from this court. Section 406(b) contemplates a fee award not to exceed 25% of the past due benefits, which here works out to a maximum award of $20,963.50. Attorney Olinsky "reduced" this possible total fee award amount by $6,000, reportedly to account for an award by the Agency to another attorney who represented Squiller in administrative proceedings, and further represents that if awarded the amount requested, he will refund Squiller the $1,197.50 the court previously awarded Olinsky under the EAJA.

       The Commissioner appropriately filed a response to the 406(b) fee request, pointing out the possibility of a "windfall recovery" by counsel because the requested fee amount implies an hourly rate, counting attorney time only, of $3,937.00 per hour. *See Heise v. Colvin*, No. 14-CV-739-JDP, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016)

1

(addressing proper calculation of hourly rate under § 406(b)). The court agrees this implied hourly rate would constitute a windfall, and, thus, finds the fee request is not reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Plaintiff's counsel expended only 3.8 hours in representing plaintiff before this court. Indeed, the parties stipulated to remand *before* plaintiff even filed his opening brief. Given that plaintiff's counsel has failed to provide *any* justification for this effective hourly rate, plaintiff's motion for fees (dkt. #21) is GRANTED IN PART AND DENIED IN PART. Using the award in similar cases as a guide, the court further concludes that a rate of $1,000 per hour is reasonable. As such, the court approves an award of $3,800, contingent on plaintiff's counsel remitting the EAJA award of $1,197.50 to plaintiff. *See* 42 U.S.C. 406(b).

Entered this 18th day of August, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge